# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JOSEPH LEE GOINS,

    *Plaintiff,*

v.

OFFICER ETHAN CARROLL, *et al.,*

    *Defendants.*

Case No. 3:22-cv-262

Judge Travis R. McDonough

Magistrate Judge Jill E. McCook

---

## MEMORANDUM OPINION

---

Before the Court is Defendants Ethan Carroll and Carlos Espinoza's joint motion for summary judgment (Doc. 43). For the reasons that follow, the Court will **GRANT** the motion (*id.*).

## I.    BACKGROUND

This dispute arises from a non-violent altercation between Plaintiff Joseph Goins and non-party Ann Flores outside Plaintiff's residence[1] on the night of May 21, 2022. (Doc. 1, at 7.) According to Plaintiff, Flores wanted to enter his home, but he "refused to let her come" in. (*Id.*) In response, Flores "ran in the house, where [Plaintiff's] keys were located, and locked the door." (*Id.*) After Plaintiff's attempts to reason with Flores proved futile, he "decided to let the police handle it" and called 911. (*Id.*)

---

[1] Plaintiff alleges the incident occurred outside his residence, but the address is the same one Flores listed as her own in the Order of Protection petition. (Doc. 43-1, at 15.)

Once the police arrived, which included Defendants Officer Carroll and Sergeant Espinoza, they informed Plaintiff that he "was not supposed to be there" and that he was violating an Order of Protection in place between him and Flores. (*Id.*) Plaintiff and Flores pleaded with the officers to "read documents from the clerks [sic] office" stating there was no such Order of Protection. (*Id.*) Instead of obliging, they "shipped [Plaintiff] off to the jail." (*Id.*)

At the jail, Plaintiff "continued to [ask] for someone to double check their wrong information" regarding the Order of Protection. (*Id.*) His requests were "met with disregard and indifference." (*Id.*) Plaintiff then called his lawyer, who asked to speak with the deputy in charge. (*Id.*) The request was denied, and Plaintiff was arraigned the next morning. (*Id.*) At the arraignment, Plaintiff "attempted to tell [the Judge] that there's a mistake." (*Id.*) Despite these efforts, Plaintiff "was given a fraudulent bond of $24,000." (*Id.*)

On August 4, 2022, Plaintiff brought the present action, alleging claims for unlawful arrest, "cruel and unusual punishment," violations of his due-process rights and the Equal Protection Clause, assault, battery, and false imprisonment against a variety of named and unnamed officers. (*Id.* at 4.) In conducting an *in forma pauperis* screening, United States Magistrate Judge McCook recommended that this Court whittle down the claims to wrongful arrest and wrongful imprisonment against Officer Carroll and an unknown sergeant in their individual capacities. (Doc. 8, at 6.) The undersigned adopted Magistrate Judge McCook's report and recommendation and dismissed all but the wrongful arrest and imprisonment claims against Officer Carroll and the unknown sergeant, who was later substituted with Sergeant

Carlos Espinoza. (Docs. 9, 28.) On February 19, 2024, Defendants Carroll and Espinoza moved for summary judgment on all claims (Doc. 43). The motion is ripe for review.[2]

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

---

[2] Though the Court afforded Plaintiff additional time to respond to the summary-judgment motion due to his pro-se status and recent transfer to a different correctional facility, Plaintiff never filed a response. (*See* Docs. 47, 50.) Plaintiff did not notify the Court of his change of address until after Defendants filed their motion (Doc. 46), after which Defendants re-mailed the motion to Plaintiff at the new address (Doc. 48), and the Court extended the response deadline (Doc. 50). It appears as though Plaintiff again failed to update the Court as to his new address, as the mail sent to the new address was returned as undeliverable. (Doc. 51.)

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

Plaintiff brings claims against Defendants for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights . . . secured by the Constitution and laws [of the United States], shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To succeed on a claim under § 1983, a plaintiff must show: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law."[3] *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citations omitted).

The doctrine of qualified immunity, however, shields individual government officials from damages under § 1983 "as long as their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sumpter v. Wayne*

---

[3] Only the first element is at issue in this case, as Defendants do not dispute that they were acting under color of state law at the time of the relevant events. They instead argue that their actions did not violate the Constitution and that they are entitled to qualified immunity.

*Cnty.*, 868 F.3d 473, 480 (6th Cir. 2017) (internal quotation marks omitted) (quoting *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). In deciding whether a defendant is entitled to qualified immunity at the summary-judgment stage, the Court employs a two-part test. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). First, a court determines whether the facts, viewed in the light most favorable to the plaintiff, show that the official violated a constitutional right. *Holzemer v. City of Memphis*, 621 F.3d 512, 519 (6th Cir. 2012) (citations omitted). Second, if a constitutional right was violated, a court determines whether the right was clearly established at the time the violation occurred. *Id.* (citations omitted). The plaintiff bears the burden of "satisfy[ing] both inquires in order to defeat the assertion of qualified immunity." *Sumpter*, 868 F.3d at 480 (citing *Wesley v. Campbell*, 779 F.3d 421, 428–29 (6th Cir. 2015)). "[I]f the district court determines that the plaintiff's evidence would reasonably support a jury's finding that the defendant violated a clearly established right, the court must deny summary judgment." *DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015) (citing *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013)).

A right is clearly established when, "at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citations omitted). Courts should not attempt to define a particular right at a high level of generality. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *al-Kidd*, 563 U.S. at 742). Instead, they should assess whether it is clearly established that the particular conduct is unconstitutional. *Id.* ("This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition."

(citations and internal quotation marks omitted)).  Still, "[i]t is not necessary[] . . . 'that the very action in question has previously been held unlawful.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866–67 (2017) (quoting *Anderson*, 483 U.S. at 640); *see also id.* at 1867 ("[A]n officer might lose qualified immunity even if there is no reported case 'directly on point.'" (citations omitted)). That is, "[t]here need not be a case with the exact same fact pattern or even 'fundamentally similar' or 'materially similar' facts," as long as the defendants had "fair warning" that their conduct violated the plaintiff's rights.  *Goodwin v. City of Painsville*, 781 F.3d 314, 325 (6th Cir. 2015) (citations omitted); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances.").

Plaintiff claims Defendants deprived him of his Fourth Amendment right to be free from warrantless arrest and false imprisonment when they arrested him for an alleged Order of Protection violation.  (Doc. 1, at 4.)  Defendants seek summary judgment on the claims, arguing probable cause existed for the arrest.  (Doc. 44, at 4.)

When a plaintiff brings a false-imprisonment claim that arises out of a false-arrest claim, the claims merge into one.  *Gordon v. Clinton Police Dep't*, No. 3:19-cv-496, 2021 WL 1431544, at *3 (E.D. Tenn. Apr. 15, 2021) (citations omitted).  To prevail, a plaintiff "must prove that the police lacked probable cause to arrest him."  *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 279 (6th Cir. 2020) (citations omitted) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.").  The existence of probable cause turns on "the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest" and is typically found "when the police have reasonably trustworthy information . . .

sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Id.* (citations and internal quotation marks omitted). Probable cause need not exist for the stated crime of arrest; the presence of probable cause for *any* crime is sufficient. *D.D. v. Scheeler*, 645 F. App'x 418, 424 (6th Cir. 2016) ("The officer can lawfully arrest the plaintiff so long as there is probable cause to arrest her for some crime, even if the crime for which there is probable cause is different from the stated crime of arrest."). Unless "there is only one reasonable determination possible," the existence of probable cause in a Section 1983 action is for the jury to decide. *Id.* (quotation marks and citation omitted).

Here, the record only allows for one reasonable determination—that Plaintiff was lawfully arrested for violating an active Order of Protection and pursuant to an outstanding bond-revocation order. According to documents appended to Defendants' joint summary-judgment motion, Plaintiff was arrested on a criminal domestic-assault charge on March 25, 2022, pursuant to Tennessee Code Annotated Section 39-13-111. (Doc. 43-1, at 6.) That same day, Flores petitioned for and was issued a civil Order of Protection against Plaintiff. (*Id.* at 9.) The Order of Protection prevents Plaintiff from coming into contact with Flores and permits "[a]ny law enforcement officer who reasonably believes [Plaintiff has] disobeyed" the Order to arrest him. (*Id.* at 9, 11, 18.) Plaintiff also had his bond revoked at the time of the relevant altercation, and the bond-revocation order specifically commanded "[t]he Sheriff of Loudon County, Tennessee or any lawful Officer . . . to attach the body of Joseph Lee Goins and bring him before this General Sessions Court." (*Id.* at 25–26.) So, when Plaintiff called 911 after Flores allegedly stole his keys and locked him out of his home, the arresting officers—two of whom were Defendants Carrol and Espinoza—were alerted to the active Order of Protection and bond-revocation order. (*Id.* at 23, 30.) Given these circumstances, which are amply supported by

evidence and without dispute, there is no question Defendants had probable cause to arrest Plaintiff, either pursuant to the bond-revocation order or for suspected violation of the Order of Protection. *See D.D.*, 645 F. App'x at 424 ("The officer can lawfully arrest the plaintiff so long as there is probable cause to arrest her for some crime, even if the crime for which there is probable cause is different from the stated crime of arrest.").

Because the undisputed facts demonstrate Defendants had probable cause to arrest Plaintiff, he cannot show Defendants violated his constitutional rights by taking him into custody and transporting him to the local jail. And, without a constitutional violation, "any further discussion of qualified immunity is unnecessary, and thus unwarranted." *See Colorez v. City of Cincinnati*, 441 F. Supp. 3d 560, 574 (S.D. Ohio 2020) (citations omitted). Therefore, the Court will grant summary judgment as to the wrongful-arrest and false-imprisonment claims against Defendants Carroll and Espinoza.

## IV.    CONCLUSION

For the aforementioned reasons, the Court will **GRANT** Defendants' summary-judgment motion (Doc. 43). Accordingly, Plaintiff's wrongful-arrest and false-imprisonment claims against Defendants Carroll and Espinoza are hereby **DISMISSED.**

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**